# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 21-cv-02456-RM-MDB

BRIAN HALIK,

    Plaintiff,

v.

ROBERT PINNOCK,
LISA DIPZINSKI, and
CHARLES LITCHFIELD,

    Defendants.

---

## ORDER

---

    Before the Court is the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell (ECF No. 25) to grant Defendant Litchfield's Motion to Dismiss (ECF No. 13) and to grant in part and deny in part the other Defendants' Partial Motion to Dismiss (ECF No. 14). The Recommendation advised the parties that specific written objections were due within fourteen days after being served a copy of the Recommendation. That deadline passed without a response from any party. Accordingly, for the reasons below, the Court accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    Proceeding pro se, Plaintiff brought this lawsuit under 42 U.S.C. § 1983 alleging that Defendants Pinnock and Dipzinski, campus police officers at the University of Colorado Colorado Springs, violated his Fourth Amendment rights against unreasonable search and seizure

when—in response to a complaint that his German Shepard was off leash on campus—they unlawfully detained him, separated him from his service animal, searched him, and unlawfully and negligently injured his wrists when they handcuffed him. (ECF No. 1, ¶ 37.) After Defendant Pinnock confirmed Plaintiff's identify, he was released without charge. (*Id.* at ¶¶ 17, 23.) Plaintiff alleges Defendant Litchfield, a vice chancellor at the University, violated his rights by supervising and overseeing the unlawful activities of the other Defendants. (*Id.* at ¶ 38.)

Liberally construing Plaintiff's Complaint, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the magistrate judge presumed that Plaintiff was suing Defendants in both their official and individual capacities. The magistrate judge concluded that the official capacity claims are barred by the Eleventh Amendment and do not fall under the *Ex parte Young* exception for ongoing violations of federal law.

The magistrate judge determined Defendant Litchfield is entitled to qualified immunity with respect to the individual capacity claims against him because the factual allegations are insufficient to support a finding of supervisory liability. The magistrate judge determined the other Defendants are entitled to qualified immunity on Plaintiff's claim premised on his separation from his service animal because Plaintiff failed to show the law was clearly established in this area. And with respect to the claims against Defendant Dipzinski, the magistrate judge found the Complaint lacks specific factual allegations regarding her personal participation in any deprivation of Plaintiff's Fourth Amendment rights except to the extent she participated in unlawfully detaining Plaintiff upon her arrival. Therefore, the magistrate judge recommended allowing the "unlawful detainment" claim against Defendant Dipzinski to

proceed, along with the remaining Fourth Amendment claims against Defendant Pinnock, which Defendants did not argue should be dismissed.

"In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

The Court discerns no error on the face of the record and agrees with the magistrate judge's analysis of the issues presented in Defendants' Motions. *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).

Therefore, the Court ACCEPTS the Recommendation (ECF No. 25), GRANTS Defendant Litchfield's Motion (ECF No. 13), and GRANTS IN PART and DENIES IN PART the other Defendants' Motion (ECF No. 14), as stated in the Recommendation and this Order.

DATED this 20th day of September, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge